TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Brian Beetso

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Beetso, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc., | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Brian Beetso (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Thunderbird Collection Specialists, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Phoenix, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Scottsdale, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. Within the last year, Defendant began contacting Plaintiff in an attempt to collect a debt from a person named Allyson (the "Debtor").

12. Plaintiff is not the Debtor and has no relationship to or knowledge of the Debtor.

13. In or around September of 2020, Plaintiff informed Defendant that the Debtor was unknown to him and instructed Defendant to cease placing calls to him.

14. Despite Plaintiff's instruction, Defendant continued calling Plaintiff.

15. On January 6, 2021, Plaintiff spoke with Defendant and again informed Defendant, "This is not Allyson's number."

16. Despite Plaintiff's repeated instructions, Defendant continued placing calls to Plaintiff in an attempt to contact the Debtor and collect a debt.

17. Defendant's actions caused Plaintiff a great deal of inconvenience and frustration.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

20. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

21. Defendant communicated with the Plaintiff regarding a third-party debt more than once without being requested to do so, in violation of 15 U.S.C. § 1692b(3).

22. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. Defendant caused Plaintiff's phone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously, with the intent to annoy, abuse and harass Plaintiff, in violation of 15 U.S.C. § 1692d(5).

24. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 2, 2021               TRINETTE G. KENT

                                   By:  /s/  Trinette G. Kent
                                   Trinette G. Kent, Esq.
                                   Lemberg Law, LLC
                                   Attorney for Plaintiff, Brian Beetso